FILED

FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

2014 JUL 28 P 8:51     Alexandria Division

JOYCE COMPTON-LAMANTIA,

           Plaintiff,

v.                                                                             Civil Action No. 1:14cv958
                                                                                                                       JCC/TCB

AMERICAN CORADIUS INTERNATIONAL, LLC,

SERVE:    Corporation Service Company
                 Bank of America Center, 16th Floor
                 1111 East Main Street
                 Richmond, VA 23219

                 Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action seeking actual and statutory damages arising from Defendant's unlawful attempts to collect a delinquent consumer debt allegedly owed by the Plaintiff. Plaintiff alleges that Defendant, a debt collection company, used false, deceptive, and misleading representations in the collection with the collection of a debt, including misrepresentations regarding the character and amount of the debt. Additionally, Defendant failed to properly disclose the amount of debt as required by § 1692g. Defendant's conduct violated the Federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3. Plaintiff, Joyce Compton-Lamantia ("Plaintiff") is a natural person who resides in Virginia. Plaintiff is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant American Coradius International, LLC (hereafter, "Defendant" or "ACI") at all times relevant hereto, is and was a foreign limited liability company, engaged in the business of collecting debts within the Commonwealth of Virginia.

5. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6. On or around July 29, 2013, Defendant mailed correspondence to Plaintiff attempting to collect a debt.

7. This was ACI's initial communication with the Plaintiff; therefore, ACI was required to provide the disclosures required by § 1692g.

8. In its correspondence, Defendant indicated that the total amount due was $301,049.77.

9. Plaintiff did not owe this amount. The amount originated from a $301,750.00 mortgage loan on Plaintiff's property.

10. Ultimately, Plaintiff's lender foreclosed on the property and received payment near the full balance of the loan from the sale.

11. Therefore, Defendant's collection letter violated the FDCPA, including the prohibition in § 1692e against the false representation of the character or amount of debt.

2

Moreover, Defendant's collection letter failed to properly disclose "the amount of the debt" as required by § 1692g.

12. As a result of the acts and omissions of the Defendant, Plaintiff suffered actual damages and injury, including but not limited to, emotional distress, mental anguish and suffering, loss of peace of mind, and embarrassment.

### ACI is a Debt Collector

13. ACI is a debt collection company whose practice is focused on the collection of debts.

14. ACI regularly collect consumer debts.

15. ACI regularly demands payment from consumers of claimed delinquencies and acquires delinquent consumer accounts for the sole purpose of collecting the underlying debt.

16. ACI regularly tell consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. § 1692e(11), requires that debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt" ("the § 1692e(11) disclosure"). It did so as to Plaintiff.

17. ACI regularly attempts to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

### Count I: Violations of the FDCPA, 15 U.S.C. § 1692e

18. The foregoing allegations of the Complaint are incorporated by reference.

19. ACI violated 15 U.S.C. § 1692e, including but not limited to § 1692e(2) and § 1692e(10) by falsely indicating the character and amount of the debt purportedly owed by Plaintiff.

20. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count II: Violations of the FDCPA, 15 U.S.C. § 1692g

21. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

22. ACI violated 15 U.S.C. § 1692g by failing to accurately disclose the amount of the debt as required by § 1692g.

23. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

1. Award Plaintiff's actual damages;

2. Award Plaintiff's statutory damages;

3. Award Plaintiff's reasonable attorney's fees;

4. Award Plaintiff's costs;

5. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

                                          Respectfully submitted,
                                          JOYCE COMPTON-LAMANTIA
                                          By Counsel

By: /s/ Kristi Cahoon Kelly
Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-9285 - Facsimile
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com
*Counsel for Plaintiff*